# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2009

Charles R. Fulbruge III
Clerk

No. 08-61133
Summary Calendar

JISHENG XIAO

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

---

Petition for Review of an Order of the Board of Immigration Appeals
No. A94 907 040

---

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jisheng Xiao, an illegal immigrant from China, challenges the denial of his application for withholding of removal and protection under the Convention Against Torture ("CAT") by the Board of Immigration Appeals ("BIA"). Xiao alleges that he will be forced to undergo a sterilization procedure upon his return to China because he fathered two children in the United States, and thus the BIA erred in denying his application.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the BIA's denial of an application for withholding of removal and protection under CAT under the substantial evidence test. *Zamora-Morel v. INS*, 905 F.2d 833, 838 (5th Cir. 1990). Under that standard of review, reversal is improper unless we decide "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992)).

Under 8 U.S.C. § 1231(b)(3)(B)(i), Xiao is entitled to withholding his removal if he can prove that his life or freedom would be threatened in China because of his race, religion, nationality, membership in a particular social group, or political opinion. Under 8 C.F.R. § 1208.16(b)(2), Xiao is entitled to protection under CAT if he can establish that it is more likely than not that he will be persecuted in China on account of his race, religion, nationality, membership in a particular social group, or political opinion.

In this case, Xiao offered no support for his assertion that he would be forcibly sterilized upon returning to China. The report by the U.S. Department of State entitled "China: Profile of Asylum Claims and Country Conditions" that Xiao offered into evidence highlights the general population and family planning laws in China, but as the Population and Family Planning Regulations of Fujian Province note, the penalty for not meeting the population and family planning regulations is a social maintenance fee, not sterilization. *See* Administrative Record (A.R.) at 353–56. Xiao's testimony before the Immigration Judge establishes Xiao's fear in returning to China, but his testimony provides no evidence that his life or freedom would be threatened upon his return to China. *See* A.R. 160–78. Based on the insufficient evidence presented by Xiao, it is clear that the BIA did not err in denying Xiao's application for withholding of removal and protection under CAT.

CONCLUSION

For the above reasons, we deny the petitioner for review.